UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:  0:19cv60768

FRANCIS TORRES,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

CONTOURE LASER BODY
SCULPTING & COSMETICS
CENTER, LLC, a Florida limited
liability company,

    Defendant.

_____/

**ANSWER**

**JURY TRIAL DEMANDED**

## ANSWER

The Defendant, Contoure Laser Body Sculpting & Cosmetics Center, LLC, a Florida limited liability complaint ("Defendant"), by and through the undersigned counsel, hereby answers and asserts defenses to Francis Torres' ("Plaintiff") class action Complaint, as follows:

1. Defendant admits that this is a putative class action under the Telephone Consumer Protection Act ("TCPA").

2. Defendant admits the allegations made in this paragraph.

3. Defendant denies that it failed to obtain express written permission for marketing texts in violation of the TCPA.

4. Defendant denies that it used automated technology through a third-party to send text messages.

5. Defendant denies the allegations made in this paragraph.

1

6. Defendant admits that Plaintiff is seeking equitable relief and damages through this putative class action. Defendant denies that its conduct was illegal, and that Plaintiff is entitled to any of the relief requested.

7. Defendant admits that this court has subject matter jurisdiction over this matter. Denies all other allegations in this paragraph, including the allegation that Plaintiff has standing to maintain a class action against Defendant.

8. Defendant admits that the Southern District of Florida has venue to hear this dispute. Defendant denies all other allegations in this paragraph.

9. Defendant is without knowledge as to the allegations in this paragraph, which are therefore denied.

10. Defendant admits the allegations made in this paragraph.

11. This paragraph sets forth legal conclusions and questions of law to which no response is required.

12. This paragraph sets forth legal conclusions and questions of law to which no response is required.

13. This paragraph sets forth legal conclusions and questions of law to which no response is required.

14. This paragraph sets forth legal conclusions and questions of law to which no response is required.

15. This paragraph sets forth legal conclusions and questions of law to which no response is required.

16. This paragraph sets forth legal conclusions and questions of law to which no response is required.

17. This paragraph sets forth legal conclusions and questions of law to which no response is required.

18. This paragraph sets forth legal conclusions and questions of law to which no response is required.

19. This paragraph sets forth legal conclusions and questions of law to which no response is required.

20. This paragraph sets forth legal conclusions and questions of law to which no response is required.

21. This paragraph sets forth legal conclusions and questions of law to which no response is required.

22. This paragraph sets forth legal conclusions and questions of law to which no response is required.

23. This paragraph sets forth legal conclusions and questions of law to which no response is required.

24. This paragraph sets forth legal conclusions and questions of law to which no response is required.

25. This paragraph sets forth legal conclusions and questions of law to which no response is required.

26. Defendant admits the allegations made in this paragraph.

27. Defendant denies the allegations made in this paragraph.

28. Defendant denies the allegations made in this paragraph.

29. Defendant denies the allegations made in this paragraph.

30. Defendant denies the allegations made in this paragraph.

31. Defendant denies the allegations made in this paragraph.

32. Defendant denies the allegations made in this paragraph.

33. Defendant is without knowledge as to the allegations in this paragraph, which are therefore denied.

34. Defendant denies the allegations made in this paragraph.

35. Defendant denies the allegations made in this paragraph.

36. Defendant denies the allegations made in this paragraph.

37. Defendant denies the allegations made in this paragraph.

38. Defendant admits that Plaintiff purports to bring a class action. Defendant denies that Plaintiff has standing to bring a class action.

39. Defendant admits that Plaintiff purports to bring a class action in accordance with the definition provided in this paragraph. Defendant denies that Plaintiff has standing to bring a class action.

40. Defendants admits that certain individuals are excluded from the putative class. Defendant denies the remaining allegations made in this paragraph.

41. Defendant denies the allegations made in this paragraph.

42. Defendant denies the allegations made in this paragraph.

43. Defendant denies the allegations made in this paragraph and all of its subparts.

44. Defendant denies the allegations made in this paragraph.

45. Defendant denies the allegations made in this paragraph.

46. Defendant is without knowledge as to the allegations in this paragraph, which are therefore denied.

47. Defendant denies the allegations made in this paragraph.

48. Defendant denies the allegations made in this paragraph.

49. Defendant incorporates its responses to paragraphs 1-48 as though fully stated herein.

50. This paragraph sets forth legal conclusions and questions of law to which no response is required.

51. This paragraph sets forth legal conclusions and questions of law to which no response is required.

52. Defendant denies the allegations made in this paragraph.

53. Defendant denies the allegations made in this paragraph.

54. Defendant denies the allegations made in this paragraph.

55. Defendant denies the allegations made in this paragraph.

56. Defendant denies the allegations made in this paragraph.

57. Defendant incorporates its responses to paragraphs 1-56 as though fully stated herein.

58. Defendant denies the allegations made in this paragraph.

59. Defendant denies the allegations made in this paragraph.

60. Defendant denies the allegations made in this paragraph.

61. Defendant denies the allegations made in this paragraph.

62. Defendant denies the allegations made in this paragraph.

Defendant denies that Plaintiff is entitled to any of the relief set forth in the prayer for relief.

## **AFFIRMATIVE DEFENSES**

For its affirmative defenses, Defendant states the following and also reserves the right to seek the Court's permission to assert additional affirmative defenses as they are discovered through the course of discovery:

## First Affirmative Defense: Lack of Standing

1. To establish standing under Article III of the United States Constitution, Plaintiff, and the proposed class, must show a concrete and particularized invasion of a legally protected interest.

2. To the extent Plaintiff and members of the proposed class have not paid money, lost title to goods of value, or suffered any other concreted or particularized harm as a result of the conduct alleged, Plaintiff and members of the proposed class lack standing to bring this suit under Article III of the United States Constitution.

## Second Affirmative Defense: Lack of Damages

3. Defendant incorporates the allegation stated in its Affirmative Defenses, paragraphs 1 through 2, as though stated herein.

4. To the extent Plaintiff and members of the proposed class have not paid money, lost title to goods of value, or suffered any cognizable nonpecuniary harm as a result of the conduct alleged, Plaintiff and members of the proposed class have suffered no actual damages and cannot recover any damages in this action.

## Third Affirmative Defense: Lack of Causation

5. Defendant incorporates the allegation stated in its Affirmative Defenses, paragraphs 1 through 4, as though stated herein.

6. Some or all of the alleged SMS text messages Defendant sent Plaintiff and members of the proposed class were sent to cellular telephone numbers provided to by customers.

7. Some of those cellular telephone numbers may have been reassigned after being provided to Defendant by customers.

8. It is industry practice for wireless carriers to "unsubscribe" or reject SMS text messages sent after a cellular telephone number is disconnected and prior to reassignment to a new cellular telephone customer.

9. Wireless carriers, including but not limited to Sprint and Republic Wireless, may have failed to "unsubscribe" or reject SMS text messages sent on behalf of Defendant to cellular telephone numbers that were reassigned to new cellular telephone customers.

10. There is no industry-wide database or tracking of reassigned cellular telephone numbers upon which Defendant can rely; therefore, Defendant must rely on wireless carriers to "unsubscribe" or reject SMS text messages sent to cellular telephone numbers that will be reassigned to new cellular telephone customers.

11. Thus, Plaintiff's damages and damages of members of the proposed class, if any, were caused, in whole or in part, by the actions and/or inactions of third parties and/or intervening causes over which Defendant has no control.

**Fourth Affirmative Defense: Consent**

12. Defendant incorporates the allegation stated in its Affirmative Defenses, paragraphs 1 through 11, as though stated herein.

13. The Telephone Consumer Protection Act does not prohibit SMS text messages to cellular telephones made using an automatic telephone dialing system or using an artificial or prerecorded voice where the called party has given his or her consent.

14. Defendant can establish consent by demonstrating that the called party or an agent of the called party provided prior express written consent to receive SMS text messages.

15. To the extent Defendant has received consent to send SMS text messages to the cellular telephone numbers identified by Plaintiff or members of the proposed class, the claims are barred.

**Fifth Affirmative Defense: Excessive Fines and Due Process**

16.     Defendant incorporates the allegation stated in its Affirmative Defenses, paragraphs 1 through 15, as though stated herein.

17.     The Telephone Consumer Protection Act provides for statutory damages of $500 to $1,500 for each violation of the law.

18.     When directed at SMS text messages, statutory damages under the Telephone Consumer Protection Act could quickly rise to millions of dollars.

19.     Viewing and deleting an SMS text message takes no more than a few seconds. A recipient of a misdirected message need not take even those actions.

20.     Receiving an SMS text message costs nothing for many cellular telephone subscribers. For others it costs a few cents at most.

21.     Receiving an SMS text message on a cellular telephone involves no noticeable use of the telephone's battery or system resources.

22.     In this light, Plaintiff's and the proposed class's claim for statutory damages is grossly disproportionate to the conduct alleged, constitutes an excessive fine, and violates Defendant's due process rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

**Seventh Affirmative Defense: Claims Not Properly Certifiable Under Rule 23**

23.     Defendant incorporates the allegations stated in its Affirmative Defenses, paragraphs 1 through 22 as though stated herein.

24.     Plaintiff purports to represent a class of individuals allegedly contacted by Defendant, or on Defendant's behalf, in violation of the Telephone Consumer Protection Act.

25.     Plaintiff further claims that common questions of law and fact predominate over questions affecting any individual member of the class.

26.     Plaintiff's claims cannot properly be certified under Federal Rule of Civil Procedure 23 because, among other reasons, questions of fact relating to each individual putative class member predominate over the questions relating to the class, including:

b)  Whether each individual was allegedly contacted by Defendant or on Defendant's behalf;

c)  Whether each individual or an agent of that individual provided consent prior to the contact;

d)  Whether each individual allegedly requested that Defendant discontinue SMS text messages; and

e)  Who was the owner or regular user of each cellular telephone number called at the time each message was placed.

WHEREFORE, Defendant respectfully requests that the Court:

a.  Dismiss all of Plaintiff's claims against Defendant with prejudice and on the merits;

b.  Deny class certification;

c.  Award all costs, disbursements, and reasonable attorney fees allowed by law; and

d.  Grant any such further relief to which Defendant may be entitled.

## **JURY DEMAND**

Defendant hereby demands a trial by jury.

Dated:  May 21, 2019

                                                     Respectfully submitted,

                                                     /s/ Matthew A. Brinegar_____

                                                     Matthew A. Brinegar (FBN: 826111)
                                                     The Brinegar Law Firm
                                                   1901 Harrison Street, Floor 14
                                                   Oakland, CA 94612
                                                   mbrinegar@brinegarlaw.comn
                                                   415-735-6856 (telephone)
                                                   415-520-9287 (facsimile)
                                                   Attorney for Defendant.

## PROOF OF SERVICE

CASE NO.  0:19cv60768

      I, the undersigned, hereby certify that I am a citizen of the United States, over the age of eighteen years, and not a party to the within action.  I am employed at The Brinegar Law Firm in the County of Alameda, California, and my business address is 1901 Harrison Street, Floor 14, Oakland, CA 94612.

      On May 21, 2019, I served ANSWER on the following interested party below via the ECF system:

Jibrael S. Hindi, Esq.
THE LAW OFFICE OF JIBRAEL S. HINDI, PLLC.
110 SE 6th Street
Ft. Lauderdale, FL 33301
Telephone: (954) 907-1136
Facsimile: (855) 529-9540
jibrael@jibraellaw.com

      I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.

      Executed on May 21, 2019, at Lisbon, Portugal

      /S/ MATTHEW A. BRINEGAR_____
      Matthew Brinegar